IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, <br>       Plaintiff, <br><br> v. <br><br> ROLL-LIFT USA, INC., ENTERGY TEXAS, INC., BRIGHT STAR SOLUTIONS, INC., ORLANDO DUARTE, MARIO MARES, MIKE MITCHELL, BEAU OSBORNE, JOE ZUNIGA JR., KEN ALLEN, WILL DUNCOMBE, and JOHN DOES, <br><br>       Defendants. | § § § § § § § § § § § § § § § | Civil Action No. _____ |

**COMPLAINT and DEMAND FOR JURY TRIAL**

Union Pacific Railroad Company ("Union Pacific") brings these claims against Roll-Lift USA, Inc. ("Roll-Lift"), Entergy Texas, Inc. ("ETI"), Bright Star Solutions, Inc. ("Bright Star"), Orlando Duarte ("Duarte"), Mario Mares ("Mares"), Mike Mitchell ("Mitchell"), Beau Osborne ("Osborne"), Joe Zuniga Jr. ("Zuniga Jr."), Ken Allen ("Allen"), Will Duncombe ("Duncombe"), and John Does ("Does") for damages incurred after a depropanizer tower came into contact with power lines while in transport. Union Pacific will respectfully show the Court the following:

**PARTIES**

1. Union Pacific is a Delaware corporation with its principal place of business located at 1400 Douglas Street, Omaha, Nebraska 68179.

2. Roll-Lift is a Texas corporation with its principal place of business located at 1825 Highway 146, Dayton, TX 77535-2298. Roll-Lift may be served by delivering process to its registered agent, Bas Bronder, at Roll-Lift's principal place of business.

3. ETI is a Texas corporation with its principal place of business located at 350 Pine Street, Beaumont, TX 77701. ETI may be served by delivering process to its registered agent, Paul A. Scheurich, at ETI's principal place of business.

4. Bright Star is a Texas corporation with its principal place of business located at 18788 Highway 105 Sour Lake, TX 77659. Bright Star may be served by delivering process to its registered agent, Evan A. Sowders, at Bright Star's principal place of business.

5. Duarte was an employee of Roll-Lift on December 12, 2019. He is an individual residing at 2706 Huffman Eastgate Rd., Huffman TX 77336 and may be served at this address or any other address at which he may be found.

6. Mares was an employee of Roll-Lift on December 12, 2019. He is an individual residing at 1407 Globe St., Houston, TX 77034 and may be served at this address or any other address at which he may be found.

7. Mitchell was an employee of Roll-Lift on December 12, 2019. He is an individual residing in Texas. He may be served at any address at which he may be found.

8. Osborne was an employee of Roll-Lift on December 12, 2019. He is an individual residing at 27275 Short St., Splendora, TX 77372 Texas. He may be served at this address or any other address at which he may be found.

9. Zuniga Jr. was an employee of Roll-Lift on December 12, 2019. He is an individual residing at 224 Cay Crossing Lane, Dickinson, TX 77539. He may be served at this address or any other address at which he may be found.

10. Allen was an employee of Roll-Lift on December 12, 2019. He is an individual residing in Texas. He may be served at his place of business, 1825 Highway 146, Dayton, TX 77535-2298, or at any other address at which he may be found.

11. Duncombe was an employee of Roll-Lift on December 12, 2019. He is an individual residing at 2506 John Crump Ln, Katy, TX 77449 and may be served at this address or any other address at which he may be found.

12. Defendants Does were employees of Bright Star on December 12, 2019. Bright Star is a named party in this lawsuit, and Does' identities will be ascertained through written discovery, and, therefore, they cannot be otherwise identified at the time of filing this Complaint.

## JURISDICTION AND VENUE

13. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the matter in controversy exceeds the value of $75,000.00, exclusive of interests and cost.

14. This case arises out of property damage to Plaintiff's signal equipment that occurred in Liberty County, Texas. Therefore, the Court may exercise personal jurisdiction over the Defendants.

15. Venue of this action is appropriate pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Divisional venue is appropriate per the local rules for the same reason.

## FACTS

16. On December 12, 2019, Duarte was operating a tractor-trailer in Liberty County, Texas. Duarte was transporting a depropanizer tower.

17. Duarte was acting within the course and scope of his employment for Roll-Lift at all times material to this lawsuit. Specifically, Duarte acted within the course and scope of his employment at all times on December 12, 2019, when he was operating the tractor-trailer as he crossed the railroad tracks where this incident occurred.

18. Union Pacific owns and operates two sets of tracks running northeast/southwest along US HWY 90, which intersect Waco Street at DOT Crossing Number 762789S (the "Crossing") in Dayton, Texas. Union Pacific also operates a single spur track, which crosses US HWY 90 near Waco St. at DOT Crossing Number 762790L.

19. As Duarte traveled over the Crossing the depropanizer tower came into contact with an energized power line sending high voltage through the tower and into Union Pacific's signal equipment.

20. ETI owns the power line. It engaged Bright Star to raise the power lines so that there would be adequate clearance for the depropanizer tower to travel under the lines.

### COUNT I – DUARTE AND ROLL-LIFT'S NEGLIGENCE

21. Duarte owed a duty to exercise reasonable care in operating the tractor-trailer as a reasonably prudent person under like or similar circumstances, including while traveling over the Crossing.

22. Duarte failed to operate the tractor-trailer as a reasonably prudent person under like or similar circumstances and was negligent in one or more of the following ways:

   a. Violating Texas Transportation Code § 545.255;
   b. Failing to maintain a proper lookout; and
   c. Failing to ensure there was sufficient clearance for the depropanizer tower to travel underneath the power lines without contacting the power lines.

23. Duarte's negligence was a proximate cause of the depropanizer tower contacting the power lines.

24. Duarte's negligence is imputed to Roll-Lift because he was an employee acting in the course and scope of his employment, and therefore, Roll-Lift is liable under the doctrine of respondeat superior.

25. As a proximate cause of Duarte's and Roll-Lift's negligence, Union Pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

### COUNT II – OTHER ROLL-LIFT EMPLOYEES' NEGLIGENCE

26. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe were onsite to monitor the Roll-Lift tractor-trailer traversing through this area.

27. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe were negligent in failing to keep a proper lookout to warn Duarte that there was not sufficient clearance for the depropanizer tower to travel underneath the power lines without contacting the power lines.

28. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe's negligence was a proximate cause of the depropanizer tower contacting the power lines.

29. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe's negligence is imputed to Roll-Lift because each employee was acting in the course and scope of their employment, and therefore, Roll-Lift is liable under the doctrine of respondeat superior.

30. As a proximate cause of the Roll-Lift's employee's negligence, Union Pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

### COUNT III – BRIGHT STAR AND JOHN DOES' NEGLIGENCE

31. ETI contracted with Bright Star to raise the power lines to allow sufficient clearance for the depropanizer tower to travel underneath without contacting the power lines.

32. Bright Star and John Does, employees of Bright Star, were negligent in one or more of the following ways:

   a. Failing to provide sufficient clearance for the depropanizer tower to travel underneath without contacting the power lines; and

    b. Failing to keep a proper lookout to warn that there was not sufficient clearance for the depropanizer tower to travel underneath the power lines without contacting the power lines

33. Bright Star's and John Does' negligence was a proximate cause of the depropanizer tower contacting the power lines.

34. John Does negligence is imputed to Bright Star because each employee was acting in the course and scope of their employment, and therefore, Bright Star is liable under the doctrine of respondeat superior.

35. As a proximate cause of Bright Star's and John Does' negligence, Union Pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

## COUNT IV – ETI'S NEGLIGENCE

36. ETI owns and operates the power lines.

37. ETI was negligent in failing to provide personnel onsite to keep a proper lookout to ensure sufficient clearance for the depropanizer tower to travel underneath its power lines without contacting the power lines.

38. ETI's negligence was a proximate cause of the depropanizer tower contacting the power lines.

39. As a proximate cause of ETI's negligence, Union pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a jury trial on all issues.

For the foregoing reasons, Union Pacific respectfully requests that the Court award judgment in its favor and against Defendants for its damages totaling FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84), pre- and post-judgment interest as allowed by law, costs incurred in prosecuting this action, and such other reasonable sums as this Court deems just and equitable.

Respectfully submitted,

*/s/ Afton D. Sands*
John W. Proctor
State Bar No. 16347300
jproctor@brownproctor.com
Brown, Proctor & Howell, LLP
830 Taylor St.
Fort Worth, Texas 76102
(817) 332-1391 Telephone
(817) 870-2427 Facsimile

Afton D. Sands
State Bar No. 24060555
asands@brownproctor.com
Brown, Proctor & Howell, LLP
5805 64th Street, Ste 6
Lubbock, TX 79401
(432) 413-5223 Telephone
(817) 870-2427 Facsimile

**COUNSEL FOR UNION PACIFIC RAILROAD COMPANY**