IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, <br>    Plaintiff, <br><br> v. <br><br> ROLL-LIFT USA, INC., ENTERGY TEXAS, INC., BRIGHT STAR SOLUTIONS, INC., ORLANDO DUARTE, MARIO MARES, MIKE MITCHELL, BEAU OSBORNE, JOE ZUNIGA JR., KEN ALLEN, and WILL DUNCOMBE, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 1:21-cv-00581 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Union Pacific Railroad Company ("Union Pacific") brings these claims against Roll-Lift USA, Inc. ("Roll-Lift"), Entergy Texas, Inc. ("ETI"), Bright Star Solutions, Inc. ("Bright Star"), Orlando Duarte ("Duarte"), Mario Mares ("Mares"), Mike Mitchell ("Mitchell"), Beau Osborne ("Osborne"), Joe Zuniga Jr. ("Zuniga Jr."), Ken Allen ("Allen"), Will Duncombe ("Duncombe"), Nick Connell ("Connell"), Adam Jones ("Jones"), Preston Miller ("Miller"), and Jeff Wagley ("Wagley")[1] for damages incurred after a depropanizer tower came into contact with power lines while in transport. Union Pacific will respectfully show the Court the following:

**PARTIES**

1.   Union Pacific is a Delaware corporation with its principal place of business located at 1400 Douglas Street, Omaha, Nebraska 68179.

---
[1] The identity of Connell, Jones, Miller, and Wagley were unknown at the time Union Pacific filed this lawsuit and, therefore, are being added now pursuant to the Scheduling Order issued by the Court on March 4, 2022 [Dkt. 38].

2. Roll-Lift is a Texas corporation with its principal place of business located at 1825 Highway 146, Dayton, TX 77535-2298. Roll-Lift was served and has appeared.

3. ETI is a Texas corporation with its principal place of business located at 350 Pine Street, Beaumont, TX 77701. ETI was served and has appeared.

4. Bright Star is a Texas corporation with its principal place of business located at 18788 Highway 105 Sour Lake, TX 77659. Bright Star was served and has appeared.

5. Duarte was an employee of Roll-Lift on December 12, 2019. He was served and has appeared.

6. Mares was an employee of Roll-Lift on December 12, 2019. He was served and has appeared.

7. Mitchell was an employee of Roll-Lift on December 12, 2019. He was served and has appeared.

8. Osborne was an employee of Roll-Lift on December 12, 2019. He was served and has appeared.

9. Zuniga Jr. was an employee of Roll-Lift on December 12, 2019. He was served and has appeared.

10. Allen was an employee of Roll-Lift on December 12, 2019. He was served and has appeared.

11. Duncombe was an employee of Roll-Lift on December 12, 2019. He was served and has appeared.

12. Connell was an employee of Bright Star on December 12, 2019. He is an individual residing at 324 Natchez Road, Livingston, Texas 77351 and may be served at this address or any other address at which he may be found.

13. Jones was an employee of Bright Star on December 12, 2019. He is an individual residing at 3588 Midway Loop E, Livingston, Texas 77351 and may be served at this address or any other address at which he may be found.

14. Miller was an employee of Bright Star on December 12, 2019. He is an individual residing at 106 Bolton Way W, Livingston, Texas 77351 and may be served at this address or any other address at which he may be found.

15. Wagley was an employee of Bright Star on December 12, 2019. He is an individual residing at 210 Lakeview Drive, Shepard, Texas 77371 and may be served at this address or any other address at which he may be found.

## JURISDICTION AND VENUE

16. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the matter in controversy exceeds the value of $75,000.00, exclusive of interests and cost.

17. This case arises out of property damage to Plaintiff's signal equipment that occurred in Liberty County, Texas. Therefore, the Court may exercise personal jurisdiction over the Defendants.

18. Venue of this action is appropriate pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Divisional venue is appropriate per the local rules for the same reason.

## FACTS

19. On December 12, 2019, Duarte was operating a tractor-trailer in Liberty County, Texas. Duarte was transporting a depropanizer tower.

20. Duarte was acting within the course and scope of his employment for Roll-Lift at all times material to this lawsuit. Specifically, Duarte acted within the course and scope of his employment at all times on December 12, 2019, when he was operating the tractor-trailer as he crossed the railroad tracks where this incident occurred.

21. Union Pacific owns and operates two sets of tracks running northeast/southwest along US HWY 90, which intersect Waco Street at DOT Crossing Number 762789S (the "Crossing") in Dayton, Texas. Union Pacific also operates a single spur track, which crosses US HWY 90 near Waco St. at DOT Crossing Number 762790L.

22. As Duarte traveled over the Crossing the depropanizer tower came into contact with an energized power line sending high voltage through the tower and into Union Pacific's signal equipment.

23. ETI owns the power line. It engaged Bright Star to raise the power lines so that there would be adequate clearance for the depropanizer tower to travel under the lines.

### COUNT I – DUARTE AND ROLL-LIFT'S NEGLIGENCE

24. Duarte owed a duty to exercise reasonable care in operating the tractor-trailer as a reasonably prudent person under like or similar circumstances, including while traveling over the Crossing.

25. Duarte failed to operate the tractor-trailer as a reasonably prudent person under like or similar circumstances and was negligent in one or more of the following ways:

   a. Violating Texas Transportation Code § 545.255;
   b. Failing to maintain a proper lookout; and
   c. Failing to ensure there was sufficient clearance for the depropanizer tower to travel underneath the power lines without contacting the power lines.

26. Duarte's negligence was a proximate cause of the depropanizer tower contacting the power lines.

27. Duarte's negligence is imputed to Roll-Lift because he was an employee acting in the course and scope of his employment, and therefore, Roll-Lift is liable under the doctrine of respondeat superior.

28. As a proximate cause of Duarte's and Roll-Lift's negligence, Union Pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

## COUNT II – OTHER ROLL-LIFT EMPLOYEES' NEGLIGENCE

29. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe were onsite to monitor the Roll-Lift tractor-trailer traversing through this area.

30. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe were negligent in failing to keep a proper lookout to warn Duarte that there was not sufficient clearance for the depropanizer tower to travel underneath the power lines without contacting the power lines.

31. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe's negligence was a proximate cause of the depropanizer tower contacting the power lines.

32. Eldridge, Mares, Mitchell, Osborne, Zuniga Jr., Allen, and Duncombe's negligence is imputed to Roll-Lift because each employee was acting in the course and scope of their employment, and therefore, Roll-Lift is liable under the doctrine of respondeat superior.

33. As a proximate cause of the Roll-Lift's employee's negligence, Union Pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

## COUNT III – BRIGHT STAR AND ITS EMPLOYEES' NEGLIGENCE

34. ETI contracted with Bright Star to raise the power lines to allow sufficient clearance for the depropanizer tower to travel underneath without contacting the power lines.

35. Bright Star and its employees Connell, Jones, Miller and Wagley were negligent in one or more of the following ways:

   a. Failing to provide sufficient clearance for the depropanizer tower to travel underneath without contacting the power lines; and

   b. Failing to keep a proper lookout to warn that there was not sufficient clearance for the depropanizer tower to travel underneath the power lines without contacting the power lines

36. Bright Star, and its employees Connell, Jones, Miller and Wagley's negligence was a proximate cause of the depropanizer tower contacting the power lines.

37. Connell, Jones, Miller and Wagley's negligence is imputed to Bright Star because each employee was acting in the course and scope of their employment, and therefore, Bright Star is liable under the doctrine of respondeat superior.

38. As a proximate cause of Bright Star, Connell, Jones, Miller and Wagley's negligence, Union Pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

## COUNT IV – ETI'S NEGLIGENCE

39. ETI owns and operates the power lines.

40. ETI was negligent in failing to provide personnel onsite to keep a proper lookout to ensure sufficient clearance for the depropanizer tower to travel underneath its power lines without contacting the power lines.

41. ETI's negligence was a proximate cause of the depropanizer tower contacting the power lines.

42. As a proximate cause of ETI's negligence, Union Pacific sustained damages in the amount of FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84).

**DEMAND FOR JURY TRIAL**

43. Plaintiff demands a jury trial on all issues.

For the foregoing reasons, Union Pacific respectfully requests that the Court award judgment in its favor and against Defendants for its damages totaling FOUR HUNDRED FIFTY-SIX THOUSAND, FIVE HUNDRED TWENTY-SIX DOLLARS AND 84/100 ($456,526.84), pre- and post-judgment interest as allowed by law, costs incurred in prosecuting this action, and such other reasonable sums as this Court deems just and equitable.

Respectfully submitted,

*/s/ Afton D. Sands*
John W. Proctor
State Bar No. 16347300
jproctor@brownproctor.com
Brown, Proctor & Howell, LLP
830 Taylor St.
Fort Worth, Texas 76102
(817) 332-1391 Telephone
(817) 870-2427 Facsimile

Afton D. Sands
State Bar No. 24060555
asands@brownproctor.com
Brown, Proctor & Howell, LLP
5805 64th Street, Suite 6
Lubbock, TX 79401
(432) 413-5223 Telephone
(817) 870-2427 Facsimile

Sheryl S. Norman
State Bar No. 00788425
snorman@brownproctor.com
Brown, Proctor & Howell, L.L.P.
440 Louisiana St., Suite 900
Houston, TX 77002
(713) 275-2192 Telephone
(713) 236-7721 Facsimile

**ATTORNEYS FOR UNION PACIFIC RAILROAD COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record, in accordance with the Federal Rules of Civil Procedure, on this the 13th day of April 2022.

*/s/ Afton D. Sands*
Afton D. Sands